USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 11, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
:
JAMAL ALTOWAITI et al.,                                       :
:
Plaintiffs,                   :
:
-v-                                        :     18-cv-508 (KBF)
:
LEE CISSNA and KRISTJEN NIELSEN,                              :     OPINION & ORDER
:
Defendants.                   :
:
------------------------------------------------------------- X

KATHERINE B. FORREST, District Judge:

In this case, numerous Yemeni nationals and their American Citizen and Legal Permanent Resident family members bring a petition for a writ of mandamus and declaratory and injunctive relief. They claim that their Form I-130 petitions for alien relatives are all pending before the United States Citizenship and Immigration Services, and are all outside of reasonable processing time. They allege that these delays are the result of USCIS policies to "target Muslim immigration" to the United States, and that the procedural hurdles that Yemeni petitions face are discriminatory.

Defendants move pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure to sever all plaintiffs from the complaint but the first-named plaintiff, Jamal Altowaiti, to direct Altowaiti to file an amended complaint with only his claims, and to dismiss the claims of the remaining plaintiffs without prejudice.

Defendants argue that the plaintiffs' claims neither arise out of the same transaction or occurrence nor that they share any common questions of law or fact. They maintain that to keep the claims joined would be inefficient—and that to properly adjudicate the claims would require evidence that is individual to each petition. They emphasize that the petitions are in different stages of the adjudicative process and that to sever the claims would therefore both promote judicial economy and avoid prejudice to the defendants.[1]

Plaintiffs counter that their shared procedural delay resulting from USCIS policies is adequate to satisfy Rule 20's lenient standard for joinder. For the reasons set forth below, the Court agrees with plaintiffs and therefore DENIES defendants' motion to sever.

I. LEGAL STANDARD

Rule 20 states two requirements for proper joinder: 1) the right to relief sought by all plaintiffs must arise out of the same transaction or occurrence, or series of transactions and occurrences; and 2) a common question of law or fact as to all plaintiffs must arise in the action. In order for joinder to be proper under Rule 20, both requirements must be satisfied.

Courts have broad discretion in applying Rule 20 to reduce inconvenience, delay, and added expense to the parties and to the court, and to promote judicial economy. 7 Charles Alan Wright et al, Federal Practice and Procedure § 1653 at

---

[1] In their reply, defendants add that plaintiffs are impermissibly relying on contentions set forth in their opposition papers. While they reference specific documents in their opposition papers not previously cited, the Court does not rely on those for this decision; rather, the Court finds that plaintiffs' complaint is specific enough to state a plausible claim for relief.

410–12 (3d ed. 2001). The Supreme Court has stated that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966).

1. Same Transaction or Occurrence

"There is no rigid rule as to what constitutes the same series of transactions or occurrences for purposes of joinder under Rule 20." Vulcan Soc'y v. Fire Dep't of White Plains, 82 F.R.D. 379, 387 (S.D.N.Y. 1979) (citation omitted). In determining whether a particular situation constitutes a transaction or occurrence, a "case by case approach is generally pursued." Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974). The phrase "transaction or occurrence" has been held to permit all "logically related claims" by or against difference parties to be tried in a single proceeding. Blesedell v. Mobil Oil Co., 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989) (citing Mosley).

A shared allegation of procedural delay may suffice to satisfy the "same transaction or occurrence" when, as is this case here, plaintiffs allege that the procedural delay flows from a common "pattern or policy." In Coughlin v. Rogers, which both parties cite, multiple plaintiff-applicants for USCIS immigration action sued, alleging procedural delays and asking for relief under the writ of mandamus and the APA. 130 F.3d 1348, 1350 (9th Cir. 1997). There, the Court found that "the mere allegation of general delay is not enough to generate a common transaction or occurrence," where each plaintiff had "waited a different length of

3

time, suffering a different duration of alleged delay." Id. However, the Coughlin Court clarified that if the plaintiffs had alleged that the delay was the result of a pattern or policy, then their claims would "arise out of a systematic pattern of events, and, therefore arise from the same transaction or occurrence." Id. In Al Daraji v. Monica, 2007 WL 2996408 (E.D. Pa. Oct. 12, 2007), the plaintiffs similarly were applicants for United States citizenship by naturalization. In contrast with the Coughlin plaintiffs, the Al Daraji plaintiffs alleged that their injury was due to a policy or practice of delay on USCIS's part, namely a newly-required FBI name check. The court in that case therefore found that the transaction or occurrence requirement was satisfied.

Here, as there, the Court finds that plaintiffs have indeed alleged a common transaction or occurrence where they allege that their procedural delays stem from a common policy or practice, specifically that there is a policy and/or practice by USCIS that is different from that applicable to individuals with other national origins; namely that USCIS requires higher standards of proof to demonstrate family relationship for Yemeni petitions than it does for individuals from other countries.

2. Common Question of Law or Fact

The second requirement of Rule 20(a) is that there be a question of law or fact common to all the parties. "The rule does not require that all questions of law and fact raised by the dispute be common." Mosley, 497 F.2d at 1334. Rather, any question of law or fact in common will suffice to meet Rule 20's requirements.

4

Courts in the Second Circuit have often allowed joinder of plaintiffs who allege discrete injuries stemming from a common institutional policy or practice. See, e.g., Blesedell, 708 F. Supp. At 1422 (plaintiffs alleging injuries stemming from general policy of permitting discrimination against women raised common questions of law and fact); Martinez v. Robinson, 2001 WL 487407, at *6 (S.D.N.Y. May 10, 2001) (plaintiffs alleging injuries stemming from general policy of rear-cuffing prisoners during transportation raised common issues of law and fact).

A common question of law exists here—namely, whether the USCIS policy on Yemeni I-130 petitions is unfairly discriminatory and designed to unreasonably delay their processing.

In addition, the Court finds that denying defendants' motion is in the interest of judicial economy and not prejudicial to defendant.

Furthermore, as another court in this District has noted, "[i]t is difficult to tell at the pleading stage whether any claims at all will have to be tried—as is well known, only a vanishingly small percentage of cases filed are ever tried—or what manner of trial will ultimately prove efficient. That different claims might ultimately turn out to be better tried separately is a weak argument for denying joinder in a complaint." Anderson v. Docuport, Inc., 2007 WL 485342, at *2 (S.D.N.Y. Feb. 13, 2007). This Court agrees and, noting that under the Federal Rules, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties," Gibbs, 383 U.S. at 724, the Court DENIES defendants' motion to sever.

II. CONCLUSION

For the reasons set forth above, the Court DENIES defendants' motion to sever plaintiffs' claims. However, the Court notes that it may be most efficient to choose between one and three or four "test" cases to adjudicate the common issue(s) and determine the extent to which differences between plaintiffs require separate adjudication. The parties are instructed to meet and confer about this and a pretrial schedule, and to appear at a conference prepared to discuss it on **July 16, 2018 at 4:00 p.m.** The Clerk of Court is instructed to close the motion at ECF No. 25.

SO ORDERED.

Dated:     New York, New York
            June 11, 2018

_____
KATHERINE B. FORREST
United States District Judge