UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMAL ALTOWAITI, AMANI TAHIR ALTOWAITI, J.A. (1), *a minor child*, J.A. (2), *a minor child*, J.A. (3), *a minor child*, SALAH ALBATAH, HANAN AL BATTAH, MUGEEB ALGOHAIM, BUSHRA ALGOHAIM, AKRAM ALGOMAI, TAKWA ALGOMAI, M.A. (1), *a minor child*, M.A. (2), *a minor child*, ASHRAF AHMED, NUSRA SAEED, R.A. (1), *a minor child*, NOURALDEEN ALTHAMI, MIYON AL-QADRI, RIM ALTAHAMI, WALAD ALTAHAMI, WEJDAN ASSAIDI, MAJED AL-SAIDI, NAWAL ALI, AMMAR SALEH, ADEL AHMED, MOUNIRA ALI, I.A., *a minor child*, RAJA AHMED, R.A. (2), *a minor child*, W.A., *a minor child*, A.A. (1), *a minor child*, R.A. (3), *a minor child*, A.A. (2), *a minor child*, N.A., *a minor child*, YASER AMULAIKI, Y.A, *a minor child*, MOSLEH JERAN, MOHAMED JERAN, KALD JERAN, ALI JERAN, AHMED GUBRAN, YOUSRA BAKER, ALI HAFEED, KHOLOUD AL-AWDI, YASMEN SALEH, ALI ALHOMADI, SALEH ALAWI, HANAN SAEED, NEEM HADI, ALI AL SORMI, MOHAMMED AL SORMI, ABEER AL SORMI, ANWAR AL SORMI, HIYAM AHMED MANAA, ASMA HADI, J.A. (4), *a minor child*, SALEM HADI, and SAFIA QASEM,

                Plaintiffs,

– *against* –

LEE CISSNA, *Director of Citizenship and Immigration Services*, KRISTJEN NIELSEN, *Secretary of the Department of Homeland Security*, THE U.S. ATTORNEY GENERAL, and THE U.S. ATTORNEY'S OFFICE,

                Defendants.

**OPINION & ORDER**

18 Civ. 508 (ER)

R<small>AMOS</small>, D.J.:

Plaintiffs—seventeen families of Yemeni descent, including Yemeni nationals and their U.S. citizen and lawful permanent resident family members—bring suit against the Director of Citizenship and Immigration Services ("USCIS"), the Secretary of the Department of Homeland Security, the United States Attorney General, and the United States Attorney's Office for the Southern District of New York, alleging that they have unlawfully delayed the adjudication of the visa applications of Yemeni nationals. Doc. 6. They bring claims under the Mandamus Act, the Administrative Procedure Act (the "APA") and the Declaratory Judgment Act, as well as substantive and procedural due process claims under the United States Constitution. Before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Doc. 66, and Plaintiffs' cross-motion to amend their complaint pursuant to Federal Rule of Civil Procedure 15, Doc. 71. For the following reasons, both of these motions are GRANTED.

I. **BACKGROUND**

The immediate relatives of U.S. citizens and lawful permanent residents may, under certain circumstances, immigrate to the United States. To begin the process, the U.S. citizen or lawful permanent resident must file an I-130, Petition of Alien Relative. 8 U.S.C. §§ 1151(b)(2)(A)(i), 1153(a), 1154(a)(1)(A)(i); 8 C.F.R. § 204.1(a)(1). Approval of an I-130 petition means only that a relationship has been established; it does not grant a visa or permanent resident status. *See Scialabba v. Cuellar de Osorio*, 573 U.S. 41, 47–48 (2014). Instead, approval of the I-130 petition allows the beneficiary to proceed to the second step of the process, which is to apply for a visa. *See* 8 U.S.C. §§ 1154, 1255(a).

Plaintiffs are Yemeni nationals and their U.S. citizen and legal permanent resident family members who have filed "clearly approvable" I-130 petitions on their behalf. Doc. 6. at 2. They filed the instant action on January 19, 2018, alleging that USCIS had failed to process their forty I-130 petitions, filed between July 24, 2013 and June 26,

2017, within a reasonable processing time. *Id.* at 2, 11–22. These delays were allegedly "systemic" and "purposeful," and "intended to target Muslim immigration to the United States." *Id.* at 2. Plaintiffs further allege that "[d]efendants have engaged in . . . intentional and discriminatory practices, procedures, policies, and programs enacted to stymy and prevent Yemeni Muslim immigration to the United States of America which have resulted in unconscionable and purposefu[l] delays and denials in adjudication of immigration benefits of Yemeni nationals." *Id.* at 4. These policies and procedures included higher standards of proof to demonstrate family relationships, intentionally delaying interviews, issuing frequent requests for more evidence and for DNA evidence, requesting immaterial evidence, and subjecting minor infants to enhanced security checks. *Id.* at 22–23.

When they first filed their petition, Plaintiffs sought mandamus relief, requesting that this Court compel Defendants to properly adjudicate in good faith their I-130 petitions within thirty days and issue a final decision on the petitions. *Id.* at 24–25. Additionally, they brought claims under the APA, for improperly failing to act on their petitions, *id.* at 25–27; under the Declaratory Judgment Act, seeking a declaration that Defendants had failed to discharge their official duties, *id.* at 27; and under the U.S. Constitution for substantive and procedural due process violations, *id.* at 27–28.

This case has since been actively litigated. Defendants moved to sever the first named Plaintiff's claims, but the Court, then Judge Forrest, denied this request. Doc. 35. The Court further ordered the parties to meet and confer about a pretrial schedule and to appear for a conference on July 16, 2018. *Id.* at 6. In a letter dated July 13, 2018, Plaintiffs requested discovery. Doc. 36. Defendants opposed this request, claiming that discovery was unnecessary. Doc. 37. On July 16, 2018, the Court held a hearing and requested further briefing on the issue, which the parties provided. Docs. 47, 51, 52. The parties were scheduled to appear for oral argument on the matter on September 13, 2019. Doc. 59.

On June 6, 2019, Defendants informed the Court that all but one of the petitions at issue had been adjudicated, and that the remaining petition—which implicates two plaintiffs—was still within reasonable processing time. Doc. 58. As a result, they intended to move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for mootness and 12(b)(6) for failure to state a claim upon which relief can be granted. *Id.* Of the thirty-nine petitions that were adjudicated, thirty were approved, and nine were denied. *Id.*, Ex. 1.

In response, Plaintiffs do not dispute that the majority of their petitions have been adjudicated, but rather request leave to amend their complaint. The proposed Amended Complaint[1] brings claims on behalf of five Yemeni families challenging the nine petition denials as arbitrary and capricious under the APA. Doc. 71, Ex. 1. Like its predecessor, the amended complaint also seeks declaratory relief and brings constitutional claims for violations of procedural and substantive due process.

Accordingly, before the Court are Defendants' motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6), and Plaintiffs' cross-motion to amend pursuant to Rule 15. For the following reasons, both motions are granted.

## II.   LEGAL STANDARD

### A.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case. Fed. R. Civ. P. 12(b)(1). The party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, the

---

[1] This is Plaintiffs' Second Amended Complaint. The First Amended Complaint, Doc. 6, was filed in response to a filing deficiency in the original complaint, Doc. 1.

4

court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings . . . ." *Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).  When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true but does not draw inferences from the complaint favorable to the plaintiff.  *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

    **B.  Rule 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  However, this "flexible 'plausibility standard'" is not a heightened pleading standard, *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 n.3 (2d Cir. 2007) (internal quotation marks and citation omitted), and "a complaint . . . does not need detailed factual allegations" to survive a motion to dismiss, *Twombly*, 550 U.S. at 555.

The question on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995)).  "[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits." *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (internal

quotation marks and citations omitted).  Accordingly, when ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor.  *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014); *see also Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable . . . .").

### C.  Rule 15(d)

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its complaint pursuant to the other party's written consent or the court's leave.  Fed. R. Civ. P. 15.  When a party seeks to add claims based on events that occurred after the filing of the complaint, the motion "is more properly classified as one for leave to serve a supplemental pleading under Rule 15(d)."  *Cummings-Fowler v. Suffolk Cty. v. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012).  Rule 15(d) states that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  It further provides that "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense."  Rule 15(d) "reflects a liberal policy favoring a merit-based resolution of the entire controversy between the parties."  *Witkowich v. Gonzales*, 541 F. Supp. 2d 572, 590 (S.D.N.Y. 2008) (internal quotation marks and citations omitted).

"The same standard . . . applies to both motions to amend [pursuant to Rule 15(a)] and motions to supplement [pursuant to Rule 15(d)]."  *M.V.B. Collision, Inc. v. Allstate Ins. Co.*, 728 F. Supp. 2d 205, 222 (E.D.N.Y. 2010) (citations omitted).  Under section 15(a), a "court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Motions to amend are ultimately within the discretion of the district court judge, *Foman v. Davis*, 371 U.S. 178, 182 (1962), who may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the

6

opposing party," *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotation marks and citation omitted). This is a permissive standard, since there is a "strong preference for resolving disputes on the merits." *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (internal quotation marks and citation omitted).

### III. DISCUSSION

#### A. Motion to Dismiss

Defendants move to dismiss the current complaint on two grounds. First, they argue that USCIS has completed the adjudication of all but one of the I-130 petitions in this action and that, therefore, claims related to those petitions are now moot. As to the remaining petition, which implicates two plaintiffs, they argue that the complaint should be dismissed for failure to state a claim because its adjudication has not been unreasonably delayed and because there are currently no immigrant visas available for that visa, meaning that, to the extent any delay does exist, it is inconsequential.

"A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Freedom Party of New York v. New York State Bd. of Elections*, 77 F.3d 660, 662 (2d Cir. 1996) (internal quotation marks and citation omitted). If a claim has become moot prior to the entry of final judgment, the district court generally should dismiss the claim for lack of jurisdiction. *See, e.g.*, *Campbell v. Greisberger*, 80 F.3d 703, 705–706 (2d Cir. 1996) (abrogated on other grounds by *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).

Plaintiffs do not contest that thirty-nine of the forty petitions at issue in this action have now been adjudicated, and that courts under similar circumstances have routinely denied such claims as moot. *See, e.g.*, *Alharbi v. Miller*, 368 F. Supp. 3d 527, 549–52 (E.D.N.Y. 2019); *Shaibi v. Cissna*, No. 18 Civ. 102 (LJV), 2019 WL 3945991, at *2–4 (W.D.N.Y. Aug. 20, 2019). Here, because the petitions have inarguably been adjudicated—even if the result of that adjudication was not what Plaintiffs would have preferred—an order directing USCIS to adjudicate the petitions, or even a declaration

7

that such adjudication was not timely, would have little direct impact on Plaintiffs. Therefore, these claims are moot and will be dismissed.

As for the remaining petition, Defendants argue that Plaintiffs have failed to state a claim for relief because the petition is not outside of normal processing times. Moreover, even if the petition were to be granted, there are no visas currently available, and so any potential delay is inconsequential. Plaintiffs wholly fail to address any of these arguments in opposition and have therefore waived them. *See, e.g.*, *Triodetic Inc. v. Statue of Liberty IV, LLC*, 582 F. App'x 39, 40 (2d Cir. 2014) (summary order) ("[P]laintiff never raised these arguments in its opposition to defendants' motion for summary judgment. Accordingly, these arguments were waived."). Therefore, the Court will dismiss claims relating to this petition as well.

### B. Motion to Amend

Rather than substantively oppose Defendants' motion to dismiss, Plaintiffs move to amend their complaint, proposing instead to challenge the nine petition denials as arbitrary and capricious under the APA. Plaintiffs maintain that such an amendment is appropriate because they "are still seeking the same general relief—review of unlawful agency action in violation of the APA and Constitutional right." Doc. 75 at 2. Defendants, in turn, argue that they would be prejudiced by this amendment because it purports to change the entire nature of the action. Doc. 74.

In determining whether parties would be prejudiced, courts consider whether the amendment would: "(1) require the opponent to 'expend significant additional resources to conduct discovery and prepare for trial,' (2) significantly prolong the resolution of the action, or (3) 'prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Cummings-Fowler*, 282 F.R.D. at 297 (E.D.N.Y. 20120) (quoting *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000)). Generally, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *United States v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*,

8

889 F.2d 1248, 1255 (2d Cir. 1989). "Rather, we will be most hesitant to allow amendment where doing so unfairly surprises the non-movant and impedes the fair prosecution of the claim." *Monahan*, 214 F.3d at 284. "The party opposing the motion bears the burden of establishing that an amendment would be prejudicial or futile." *Cummings-Fowler*, 282 F.3d at 296.

Defendants argue that they will be prejudiced by an amendment because they have been "working diligently and in good faith to adjudicate Plaintiffs' applications in an effort to resolve this matter by completing adjudication of the I-130 petitions." Doc. 74 at 4. As Defendants note, there has already been extensive motion practice in this case, and, if the amendment is allowed, more is sure to follow. The Court is sympathetic to these arguments. However, there has not yet been any discovery in this case; moreover "no trial date ha[s] been set by the court and no motion for summary judgment ha[s] yet been filed by the defendants." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (reversing denial of leave to amend). Nor has final judgment been entered with respect to any of the claims. *Cf. Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244–45 (2d Cir. 1991) (denying motion to amend where final judgment had already been entered because "liberal amendment policy of Rule 15(a) [should not] . . . be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." (internal quotation marks and citation omitted)). Moreover, Plaintiffs have not unduly delayed in supplementing the complaint, as they acted promptly after learning that the petitions had been denied. *See Fluor Corp.*, 654 F.2d at 856 ("Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.").

Finally, Defendants cannot say that they have been unfairly surprised by the proposed amendment. "Prejudice may result where the amendment seeks to add a new claim, derived from a different set of facts of which the original complaint did not provide adequate notice." *Chapman v. YMCA of Greater Buffalo*, 161 F.R.D. 21, 24

9

(W.D.N.Y. 1995) (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985)).  That is not the case here.  Although Plaintiff's initial complaint was primarily brought as a mandamus action, it clearly challenges an alleged USCIS policy that has resulted in "unconscionable and purposefu[l] delays and *denials* in adjudication of immigration benefits of Yemeni nationals."  Doc. 6 at 4 (emphasis added).  The proposed amendment does the same.[2]

The Court will therefore grant Plaintiffs leave to amend their complaint.

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS both Defendants' Motion to Dismiss and Plaintiffs' Motion to Amend.  Plaintiffs are directed to file the Amended Complaint by May 19, 2020.  The Clerk of Court is respectfully directed to terminate the motions, Docs. 66 and 71.

SO ORDERED.

Dated:  April 28, 2020
        New York, New York

EDGARDO RAMOS, U.S.D.J.

---

[2] Defendants appear to suggest that some of these new claims may well be futile and subject to dismissal, Doc. 74 at 4 n.2, but they provide no legal grounds or arguments for why this may be the case, and so the Court cannot evaluate this as a basis for refusing leave to amend.