

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

**MEMO ENDORSED**

November 12, 2020

Defendants' reply is now due December 4, 2020. The Clerk of Court is respectfully directed to terminate the motion. Doc. 95.

So ordered.

Edgardo Ramos, U.S.D.J
Dated: 11/13/2020
New York, New York

VIA ECF
Hon. Edgardo Ramos
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

**Re: *Altowaiti, et al. v. Nielsen, et al.*, No. 18 Civ. 508 (ER)**

Dear Judge Ramos:

This Office represents the federal defendants ("the Government") in the above-referenced matter in which fifteen plaintiffs seek relief pursuant to the mandamus statute, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (the "APA"). I write respectfully to correct statements contained in Plaintiffs' November 11, 2020 letter (which was filed earlier this afternoon, *i.e.*, on November 12) requesting an extension of time to file an opposition to Government's motion to dismiss. *See* ECF No. 93 (the "November 11 letter"). As the undersigned was preparing the government's response to the November 11 letter, the Court granted Plaintiffs' requested extended date of November 19, 2020, and also directed the government to file its reply on December 1, 2020. Because the November 11 letter did not accurately convey the government's position, the government respectfully requests that the Court reconsider the extension in light of the reasons set forth herein and grant the government's request to submit its reply on December 4, 2020.

By way of background, at the October 2, 2020 telephonic conference, the Court set a briefing schedule for the government's motion to dismiss pursuant to which the government would file it motion on October 23, Plaintiffs would file their opposition on November 13, and the government would file its reply on November 20. *See* Oct. 2, 2020 Minute Entry. The government filed its motion on October 23.[1] *See* ECF Nos. 89-91.

Yesterday afternoon, opposing counsel contacted me by email to request the government's consent to an extension of the deadline for Plaintiffs' opposition papers from November 13 to November 19, 2020, with a corresponding extension of the deadline for the government's reply papers from November 20 to November 28, 2020 (*i.e.*, the Monday after the week of Thanksgiving). As reflected in the attached email chain, I responded at 8:59 p.m. on November 11 that I could not agree to the proposed revised schedule due to my planned leave, *i.e.*, "I will not

[1] Due to the remote working environment and technical issues associated with it, the exhibits to one of the declarations was filed on October 26, 2020. ECF No. 91.

be in the office." Ex. A. (Specifically, I will be on leave during the week of November 23.) My 8:59 p.m. email thus specified that "the Government 'has no objection to this extension request so long its deadline to file a reply will be extended to December 4, 2020.'" *Id.* In other words, the government did not object to Plaintiffs' requested date of November 19 provided that the extension request also requested a date for the government's reply that took into account the undersigned's schedule (*i.e.*, December 4). Counsel's response indicated an apparent misunderstanding of the government's position:

> Ms. Reddy -
>
> We will let the court know you do not agree to you 4 business day extension due to our hardship with covid 19 and that you refused to stipulate. We will keep this in mind for the future when extensions are needed. It is a pleasure corresponding with you as always. Hope you are staying safe.
>
> Julie

*Id*. In an effort to clear up the apparent misunderstanding, I responded as follows at 12:15 a.m. on November 12, 2020: "You have misinterpreted my email. I have no objection to your extension but ask that my deadline be moved to December 4." Ex. B.

Approximately twelve hours later, at 12:24 p.m. today, counsel filed the extension request. *See* ECF No. 93. The November 11 letter's explanation of the government's position was as follows: "Plaintiffs' counsel contacted Defendants' counsel in order to agree to the four (4) business day extension in the briefing schedule however, Defendants' counsel have represented they are not agreeable and therefore do not consent." ECF No. 93. The November 11 letter thus omitted the government's request for a reply date of December 4 and also failed to explain that the government had agreed to the proposed extended date for the opposition brief but was requesting a different date for its reply.[2]

The government respectfully requests that this Court reconsider the extension request as if the November 11 had properly included the government's position and its request for a December 4 date for the reply. In making this request, the government notes that it is sympathetic to Plaintiffs' counsel's difficulties due to the loss of a staff member and due to the pandemic, and further notes that the government has consented to similar requests in this action. *See* ECF Nos. 56, 69, 70. However, the government respectfully submits that the additional time requested beyond the current date of December 1 is necessary for it to prepare its reply papers in light of the planned leave of counsel assigned to this case, and for internal consultation and coordination of its response in light of the Thanksgiving holiday.

---

[2] Moreover, the November 11 letter advanced the proposed date for the government's reply brief from Monday, November 30 (*i.e.*, the date that Plaintiffs had proposed to the government) to Friday, November 27.

I thank the Court for its consideration of this letter.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney
Southern District of New York

By: /s/Kirti Vaidya Reddy
KIRTI VAIDYA REDDY
Assistant United States Attorney
Telephone: (212) 637-2751
Facsimile: (212) 637-2786
E-mail: kirti.reddy@usdoj.gov

Attachments

cc: Counsel of record (via ECF)